**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 12 2013, 9:24 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

AMANDA SPICER,                          )
                                        )
    Appellant-Defendant,            )
                                        )
        vs.                   )    No. 84A01-1210-CR-445
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.             )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael Rader, Judge
Cause No. 84D05-1004-FD-1539

**April 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Amanda Spicer ("Spicer") appeals the trial court's order revoking her probation, contending that the trial court abused its discretion. We vacate the order of revocation and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

In March 2011, Spicer pleaded guilty to illegal possession of anhydrous ammonia or ammonia solution as a Class D felony and possession of a controlled substance as a Class D felony and was sentenced to concurrent three-year terms, of which 180 days were ordered to be served on Home Detention and two-and-a-half-years on informal probation. *Appellant's App*. at 29, 32. Pursuant to the terms of her probation, Spicer was required to pay for and complete the Vigo County Alcohol and Drug Program. *Id*. at 32. On July 17, 2012, Spicer was alleged to have violated her probation by: (1) refusing to enroll in or failing to report to "Cummins Mental Health Center (A&D)"; (2) failing or testing positive on May 31, 2012 for opiates (hydrocodone) and Methamphetamine at A&D; and (3) failing to pay certain fees. *Id*. at 34. Following a probation revocation hearing on August 30, 2012, the trial court revoked Spicer's probation. Spicer now appeals.

## DISCUSSION AND DECISION

The decision to revoke probation is within the sound discretion of the trial court, and its decision is reviewed on appeal for abuse of that discretion. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. (citing *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). In order to revoke probation,

the trial court must make a factual determination that a violation of a condition of probation actually occurred, and if a violation is found, then the trial court must determine the appropriate sanctions for the violation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).

The due process requirements of a probation revocation proceeding are well-established: Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Terrell v. State*, 886 N.E.2d 98, 100 (Ind. Ct. App. 2008) (citing *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)), *trans. denied*. However, once the State grants that favor, it cannot simply revoke the privilege at its discretion. *Id*. Probation revocation implicates a defendant's liberty interest, which entitles her to some procedural due process. *Id*. (citing *Parker*, 676 N.E.2d at 1085 (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))). Because probation revocation does not deprive a defendant of her absolute liberty, but only her conditional liberty, she is not entitled to the full due process rights afforded a defendant in a criminal proceeding. *Id*.

Due process requires a written statement by the fact finder regarding the evidence relied upon and the reasons for revoking probation. *Id*. at 101. This is not an arduous requirement and is imposed on trial courts to promote accurate fact finding and to ensure the accurate review of revocation decisions. *Hubbard v. State*, 683 N.E.2d 618, 620-21 (Ind. Ct. App. 1997). The rationale underlying the writing requirement in probation revocation proceedings has its genesis in *Morrissey* where the United States Supreme Court concluded that while an informal hearing structure is permissible for parole revocation proceedings, it still must comport with basic notions of due process, including

3

"*a written statement by the fact finders as to the evidence relied on and reasons for revoking parole*." 408 U.S. at 489 (emphasis added). In *Gagnon v. Scarpelli*, the United States Supreme Court applied the *Morrissey* holding to probation revocation proceedings, holding that for purposes of due process analysis, the two proceedings are the same. 411 U.S. 778, 782 (1973). Our Supreme Court in *Medicus v. State*, 664 N.E.2d 1163 (Ind. 1996), applied the *Gagnon* rule to probation revocation proceedings. *Medicus*, 664 N.E.2d. at 1164-65.

In the present case, the Petition to Revoke Probation alleged that Spicer violated her probation by: (1) refusing to enroll in or failing to report to "Cummins Mental Health Center (A&D)"; (2) failing or testing positive on May 31, 2012 for opiates (hydrocodone) and methamphetamine; and (3) failing to pay certain fees. *Id*. at 34. Prior to revoking Spicer's probation, the trial court held four hearings—July 20, 2012, August 3, 2012, August 10, 2012, and August 30, 2012. During the July 20, 2012 hearing, the trial court ended the hearing when it learned that Spicer had been prescribed opiates—one of the drugs for which she was alleged to have tested positive. *Jul. 20, 2012 Hr'g Tr*. at 3. At the close of the hearing, the trial court ordered Spicer to "do a drug screen," and requested a report, stating, "I want to know what it's positive for." *Id*. at 3, 4. A second hearing was held on August 3, 2012. At the start of the hearing, the trial court learned that Spicer's drug screen had been rescheduled. *Aug. 3, 2012 Hr'g Tr*. at 1. The trial court adjourned the hearing and reconvened on August 10, 2012, at which time it scheduled a hearing for August 30, 2012.

4

Following the August 30 hearing, the trial court stated:

> There are not very many options. I think that's precisely the problem. This is a, you know, a case where a defendant plead [sic] guilty to Possessing Anhydrous Ammonia, Precursors and Manufacturer [sic] of Methamphetamine. Possession of Controlled Substance. Test positive for methamphetamine. Well, show the Court finds the defendant has violated the terms of her probation. I revoke you, sentence you to three (3) years at the Indiana Department of Correction. . . .

*Aug. 30, 2012 Hr'g Tr*. at 20. The trial court's order, in pertinent part, provided:

> Cause comes on for hearing on probation violation. Witnesses sworn; evidence heard. The Court finds the Defendant violated her term of probation. The Court revokes the Defendant's sentence and sentenced [sic] her to the Indiana Department of Correction for three (3) years with credit for 2 actual days served in the Vigo County Jail on April 28, 2011 and April 29, 2011 and for 88 actual days on Home Detention from June 29, 2011 through September 24, 2011.

*Appellant's App*. at 37. The abstract of judgment noted that probation was being revoked because Spicer had "failed drug screens" and had "fail[ed] to comply with the Vigo County Alcohol and Drug Program." *Id*. at 38. The trial court's findings are not findings of primary fact, but simply a legal conclusion. Put differently, the trial court's findings do not set forth the evidence upon which the trial court relied to revoke Spicer's probation and, therefore, these findings do not meet the due process requirements of *Morrissey*. As such, they are inadequate to ensure our accurate review of this revocation decision. The Probation Department alleged that Spicer violated her probation in three ways. From the trial court's findings, we are unable to determine what violations Spicer committed or whether the evidence was sufficient to establish the violations. Accordingly, we vacate the trial court's order and abstract of judgment and remand with instructions that the trial court enter a written statement comporting with due process and

setting forth which terms of probation Spicer violated and the evidence and reasons for revoking Spicer's probation.

Vacated and remanded with instructions.

VAIDIK, J., and PYLE, J., concur.