## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 16 2018, 9:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ashlee K. Pierce, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 16, 2018 <br><br> Court of Appeals Case No. <br> 48A05-1708-CR-1991 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Thomas Newman, Jr., Judge <br><br> Trial Court Cause No. <br> 48D03-0912-FD-433 |

**Pyle, Judge.**

[1] Ashlee K. Pierce ("Pierce") appeals the revocation of her probation, arguing that: (1) the trial court violated her right to due process by failing to specify the

reasons for revoking her probation; and (2) the trial court abused its discretion by ordering her to serve her previously suspended sentence. Finding no due process violation nor abuse of discretion, we affirm the trial court's judgment.

We affirm.

## Issues

1. Whether the trial court violated Pierce's right to due process.

2. Whether the trial court abused its discretion by ordering Pierce to serve her previously suspended sentence.

## Facts

In December 2009, the State charged Pierce with Class D felony theft. In March 2010, she pled guilty as charged. The trial court imposed a two (2) year sentence, all of which was suspended to probation, and ordered it to be served consecutively to her sentence in cause number 48D03-0911-FA-401.

In August 2013, the State filed a notice of probation violation. At the revocation hearing, Pierce admitted that she had committed a new criminal offense and had failed to obtain her GED.[1] The trial court found that she had

---

[1] Pierce did not include a copy of the notice of probation violation or the trial court's order following the probation revocation hearing. However, the notice of probation violation is contained in the chronological case summary ("CCS") for this case in Indiana's Odyssey Case Management System ("Odyssey"). That revocation notice reveals that the State alleged that she had violated probation by committing the offenses of Class B felony dealing in methamphetamine and Class D felony neglect of a dependent. *See Horton v. State*, 51 N.E.3d 1154, 1160 (Ind. 2016) (explaining that Indiana Evidence Rule 201(b)(5), as amended effective January 1, 2010, "now permits courts to take judicial notice of 'records of a court of this state'").

violated her probation but gave her a second chance and placed her back on probation. The trial court also ordered Pierce to complete an evaluation upon her release from the Indiana Department of Correction.

[5] On July 17, 2017, Madison County Probation Officer Janelle Johnson ("Probation Officer Johnson") obtained a urine sample from Pierce for a drug screen. Pierce told the probation officer that "she would be clean" other than her prescriptions for methadone for her opiate addiction and Vyvanse for her ADHD. (Tr. 21). A preliminary test came back positive for other drugs, so Probation Officer Johnson sent the urine sample for more complete testing.[2] The subsequent lab results revealed that Pierce tested positive for methadone, amphetamine, methamphetamine, morphine, cocaine, and fentanyl.

[6] On July 25, 2017, the State filed a second notice of probation violation, alleging that Pierce had violated her probation by: (a) failing to pay probation fees; (b) failing to pay administrative fees; (c) "[f]ail[ing] to abstain from the use of . . . illicit drugs during the period of probation" and submitting a urine sample that tested positive for methadone, methamphetamine, morphine, cocaine, and fentanyl;[3] and (d) failing to provide truthful information to the probation department. (App. Vol. 2 at 15).

---

[2] The preliminary test revealed the presence of benzodiazepine, cocaine, and THC.

[3] The State initially alleged that the drug test results indicated a positive test for THC, but it later withdrew that allegation during the probation revocation hearing.

[7]     The trial court held a probation revocation hearing on July 31, 2017. At the beginning of the hearing, Pierce's counsel told the trial court that there were "going to be partial admissions." (Tr. 9). Thereafter, Pierce's counsel questioned Pierce regarding allegations (a) through (c) in the probation revocation petition. Pierce admitted that she had failed to pay her probation fees and administrative fees as alleged in subsections (a) and (b) of the revocation petition. She stated that she was behind on her probation fees because she had been incarcerated, but she confirmed that she was not disputing that she had failed to pay the fees. In regard to the allegation of drug use in subsection (c) of the revocation petition, she admitted that she had used methadone because she had a prescription for it for her opiate addiction. She also admitted that she should have tested positive for amphetamines because she took Vyvanse for her ADHD. As for her positive test results for methamphetamine, morphine, cocaine, and fentanyl, she denied using those drugs but opined that some of those substances could have been contained in a tooth cream that she had gotten from her uncle, who she "kn[e]w . . . [wa]s a user." (Tr. 13). Alternatively, she testified that the positive test results for those drugs could have been the result of her "being in contact at [her uncle's] house." (Tr. 14).

[8]     Thereafter, the State presented testimony from Probation Officer Johnson, who testified about the lab test results. Probation Officer Johnson testified that, in addition to the positive results for methadone and amphetamines for which Pierce had a prescription, Pierce also tested positive for methamphetamine,

cocaine, morphine, and fentanyl. Pierce did not object to Probation Officer Johnson's testimony regarding the lab test results.[4] Probation Officer Johnson testified that she had not expected Pierce to have any positive drug results, other than her two prescriptions, because Pierce had informed her that she would be "clean." (Tr. 21).

[9] Pierce's counsel argued that the trial court should not find that Pierce had violated her probation based on allegation (c) of the revocation petition because she "could have been drugged by [her] uncle" with the tooth cream and that it would have been "without her knowledge." (Tr. 28). Her counsel also argued that trial court should not find that Pierce had violated her probation based on allegation (d) because she had testified that she had not lied to the probation officer.

[10] At the end of the hearing, the trial court stated that Pierce had violated her probation by "violat[ing] C and D." (Tr. 28). That same day, the trial court issued a written order in which it found, in relevant part, as follows:

> The defendant [Pierce] admits to violation in that the defendant failed to pay Probation Fees and failed to pay Administrative Fees. Cause submitted and evidence heard. The Court finds by [a] preponderance of the evidence that the defendant violated the conditions of Probation, to wit: failed to abstain from the use of .

---

[4] The State did not introduce the lab test results into evidence as a separate exhibit. When Pierce's counsel cross-examined Probation Officer Johnson, counsel stated that the lab results would have been "very inadmissible" but made no argument "because [Probation Officer Johnson] ha[d] already testified to it." (Tr. 24).

. . illicit drugs and failed to provide truthful information to the Probation Department.

(App. Vol. 2 at 17). The trial court revoked Pierce's probation and ordered her to serve her previously suspended two (2) year sentence in the Indiana Department of Correction. The trial court recommended that Pierce be placed in purposeful incarceration, and it informed her that it would be willing to consider modifying her sentence after she had successfully completed the purposeful incarceration program. Pierce now appeals.

# Decision

Pierce argues that the trial court: (1) violated her right to due process; and (2) abused its discretion by ordering her to serve the remainder of her previously suspended sentence. We will address each argument in turn.

## 1. Due Process

Pierce contends that the trial court violated her right to due process by failing to specify the reasons for revoking her probation.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "A probation hearing is civil in nature[,]" *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999), *reh'g denied*, and "probationers do not receive the same constitutional rights that defendants receive at trial." *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007), *reh'g denied*. "Although probationers are not entitled to the full array of constitutional rights afforded defendants at trial, 'the Due

Process Clause of the Fourteenth Amendment [does] impose [ ] procedural and substantive limits on the revocation of the conditional liberty created by probation.'" *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008) (quoting *Debro v. State,* 821 N.E.2d 367, 374 (Ind. 2005)).

[14] The minimum requirements of due process provided to a probationer at a revocation hearing include:  (a) written notice of the claimed violations of probation; (b) disclosure of the evidence against the probation; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation.  *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).  The requirement for a written statement "is a procedural device aimed at promoting accurate fact finding and ensuring the accurate review of revocation decisions." *Hubbard v. State*, 683 N.E.2d 618, 620-21 (Ind. Ct. App. 1997) (footnote omitted).  *See also Medicus v. State*, 664 N.E.2d 1163, 1164 (Ind. 1996) ("Due process requires that the reasons for revoking probation be clearly and plainly stated by the sentencing judge not merely to give appellant notice of the revocation, but also to facilitate meaningful appellate review.").  "[A] trial judge's oral statement, if it contains the facts relied upon and reasons for revocation, and is reduced to writing in the transcript of the hearing, is sufficient to satisfy this requirement." *Wilson v. State*, 708 N.E.2d 32, 33 (Ind. Ct. App. 1999).

[15] Pierce acknowledges that the trial court found that she had violated her probation as alleged in subsections (c) and (d) of the probation revocation petition. Subsection (c) of the petition alleged that Pierce had "fail[ed] to abstain from the use of . . . illicit drugs during the period of probation" when she submitted a urine sample that tested positive for methadone, methamphetamine, morphine, and cocaine, fentanyl, and subsection (d) alleged that she had "fail[ed] to provide truthful information to the Probation Department." (App. Vol. 2 at 15). At the end of the revocation hearing, the trial court stated that it had determined that Pierce had violated her probation by "violat[ing] C and D." (Tr. 28). Additionally, the trial court's written order also set forth the bases upon which it was revoking Pierce's probation:

> The defendant [Pierce] admits to violation in that the defendant failed to pay Probation Fees and failed to pay Administrative Fees. Cause submitted and evidence heard. The Court finds by [a] preponderance of the evidence that the defendant violated the conditions of Probation, to wit: failed to abstain from the use of . . . illicit drugs and failed to provide truthful information to the Probation Department.

(App. Vol. 2 at 17).

[16] Pierce, however, contends that she was denied due process because the trial court did not specify "what drug and the nature of the untruthfulness[.]" (Pierce's Br. 12). We disagree with her contention that her due process rights were violated.

The trial court's written order and oral findings at the hearing clearly indicate that the reasons for revoking Pierce's probation were the four allegations contained in the revocation petition, which included: (a) failure to pay probation fees; (b) failure to pay administrative fees; (c) failure to abstain from drugs; and (d) failure to provide truthful information to the probation department. The trial court's order indicates that it relied upon Pierce's admission regarding her failure to pay to find that she had violated allegations (a) and (b) and that it relied upon the State's evidence, which consisted of Probation Officer Johnson's testimony, to find that Pierce had violated allegations (c) and (d). Thus, the trial court's written order and oral hearing statement satisfy the *Morrissey* written statement requirement and serve the requirement's purpose of giving notice of the revocation and facilitating meaningful review. Accordingly, the trial court did not violate Pierce's due process rights. *See, e.g.*, *Hubbard*, 683 N.E.2d at 621 (the trial court's written revocation order, which provided the reasons for revocation, and the hearing transcript, which provided the evidence underlying the revocation, "provide[d] an adequate basis for appellate review" and were "adequate to satisfy the separate writing requirement"); *Wilson*, 708 N.E.2d at 33-34 (holding that the trial court's oral hearing statement—that it "f[ound] that [the] State has met its burden of proof and f[ound] the defendant ha[d] violated the terms and conditions of his probation as alleged in Item 3A, 3B, 3C, D, E, and F and

G"—met the written statement requirement and did not violate the probationer's due process rights).[5]

## 2. Order to Serve Suspended Sentence

[18] Pierce also argues that the trial court abused its discretion by ordering her to serve her previously suspended sentence.

[19] Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." IND. CODE § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might

---

[5] Pierce does not set forth a separate argument regarding the sufficiency of the evidence to support her revocation; however, she sets forth some peripheral arguments, which we now address. Pierce acknowledges that "the Trial Court rightly found that Pierce failed to pay her probation and administrative fees as ordered." (Pierce's Br. 14). Nevertheless, she contends that her failure to pay fees cannot serve as the sole basis for her revocation or for the trial court's order that she serve her suspended sentence in the Indiana Department of Correction. However, as is clear from the record, her failure to pay fees was not the sole basis. Her revocation was also based on her failure to abstain from drugs and her failure to be truthful with the probation department.

Additionally, Pierce does not challenge the admissibility of the testimony regarding the lab test results. Instead, Pierce contends that her revocation should not have been premised upon a positive drug result for THC, methadone, or amphetamines. The record reveals that the State withdrew that the allegation that Pierce had violated probation by testing positive for THC and that Probation Officer Johnson acknowledged that Pierce had prescriptions that would account for her methadone and amphetamine drug results. Thus, her revocation would not have been based on these drugs. As for her positive test results for fentanyl, methamphetamine, morphine, and cocaine, she suggests that only the cocaine result should be excused because of the tooth cream given to her by her uncle. This contention is nothing more than a request to reweigh the evidence and the trial court's determination of witness credibility, which we will not do. *See Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied*.

be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders*, 825 N.E.2d at 956). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[20] Pierce contends that "the Trial Court abused its discretion [by] fully revoking her sentence and ordering it served at the Indiana Department of Correction considering the technical nature of her violations which included *only* a positive drug screen, failure to pay fees[,] and failure to be truthful to the Probation Department." (Pierce's Br. 16-17) (emphasis added). Again, we disagree with Pierce's argument.

[21] The record reveals that the trial court had ample basis for its decision to order Pierce to serve her previously suspended sentence in the Indiana Department of Correction. Most significantly—and completely disregarded by Pierce—this was her *second* violation of probation. Pierce's first probation violation occurred when she committed a new criminal offense. As noted above, the case records for this case in Odyssey reveal that the new offense was related, in part, to dealing methamphetamine. Upon her admission that she had violated probation by committing the new offense, the trial court granted leniency to Pierce and placed her back on probation.

[22] Pierce's second probation violation at issue in this appeal was based, in part, on her use of illegal drugs. Indeed, Pierce acknowledged during the revocation

hearing that she has drug problems as she is taking methadone for an opiate addiction. Yet, she violated her probation by using illegal drugs, including fentanyl, methamphetamine, morphine, and cocaine. Additionally, the record before us reveals that she also has a prior criminal history. When Pierce was originally sentenced in this case, she had a prior conviction in cause number 48D03-0911-FA-401, and her sentence for this case was ordered to be served consecutively to that cause.

[23] Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Pierce to serve her previously suspended sentence. For the foregoing reasons, we affirm the trial court's revocation of Pierce's probation.

[24] Affirmed.

Kirsch, J., and Bailey, J., concur.