## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 26 2019, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Benjamin Moore,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 26, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1253<br><br>Appeal from the Fayette Circuit Court<br><br>The Honorable Hubert Branstetter, Jr.<br><br>Trial Court Cause No.<br>21C01-1308-FD-584 |

**Pyle, Judge.**

## Statement of the Case

Benjamin Moore ("Moore") appeals the trial court's order revoking his probation. He specifically contends that the trial court violated his right to due process by failing to state the specific reason for revoking his probation and that there was insufficient evidence to support the revocation. Finding no due process violation and sufficient evidence to support the revocation, we affirm the trial court's judgment.

We affirm.

## Issues

1. Whether the trial court violated Moore's right to due process.

2. Whether there is sufficient evidence to support the revocation of Moore's probation.

## Facts

In July 2018, Moore pled guilty in Fayette County to Class D felony nonsupport of a dependent. The trial court sentenced him to a three-year sentence suspended to probation. The terms of Moore's probation required him to pay $75.00 per week in child support, abstain from the use of alcohol and drugs, and notify the probation department of a new address within twenty-four hours of any change in the address.

Following his guilty plea, Moore remained incarcerated in the county jail for an unrelated parole violation. He was subsequently extradited to and incarcerated

in Kentucky. He was released from the Kentucky jail at the end of August 2018. Moore returned to Fayette County and contacted the probation department in January 2019. On February 11, Moore met with his probation officer, who gave him a printout with his picture and address to take to the BMV to obtain an identification card. Moore needed the identification card to obtain employment. About the same time, Moore obtained a copy of his birth certificate, which he also needed to get an identification card.

[5] In March 2019, the State filed a petition alleging that Moore had violated his probation by failing to pay child support, failing a drug screen, and failing to advise his probation officer of an address change. At the May 2019 revocation hearing, Moore testified that after he had been released from prison in Kentucky at the end of August 2018, he had found a job as a landscaper. According to Moore, he had fallen off a scaffold after three days on the job and had broken his arm. Moore testified that he had contacted the Fayette County Probation Department and told a supervisor about the injury, which had prevented him from working while in Kentucky. Moore further testified that he had returned to Fayette County after the cast had been removed. However, according to Moore he had had difficulty finding a job in Fayette County because he did not have an identification card and he was homeless. At the time of the hearing, Moore still had not obtained an identification card.

[6] Moore's probation officer testified that Moore had failed to attend a scheduled appointment on February 18. When the probation officer attempted to do a home visit on February 25 at Moore's reported address, the apartment manager

advised him that Moore no longer lived at that address. Moore subsequently failed to attend a probation appointment in March 2019. The probation officer further testified that Moore had not made any child support payments during the course of his probation. When asked whether Moore had reported any injuries to the probation department, the probation officer responded that there was "no note of it in our system." (Tr. 6).

[7] After hearing the evidence, the trial court concluded that "Moore ha[d] violated conditions of his probation by failing to pay child support." (Tr. 23). Moore now appeals the revocation of his probation.

# Decision

[8] Moore argues that: (1) the trial court violated his right to due process; and (2) there is insufficient evidence to support the revocation of his probation. We address each argument in turn.

### 1. Due Process

[9] Moore first argues that the trial court violated his right to due process by failing to specify the reason for revoking his probation. In support of his argument, Moore directs us to *Medicus v. State*, 664 N.E.2d 1163 (Ind. 1996). Therein, the Indiana Supreme Court set forth the procedural and substantive due process rights of probationers facing a revocation of probation, which include: (a) written notice of the claimed violations; (b) disclosure of the evidence against the probationer; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine witnesses; (e) a neutral and detached

factfinder; and (f) a written statement of the reasons for revocation. *Id*. at 1164. The Court further explained that "[d]ue process require[d] that the reasons for revoking probation be clearly and plainly stated by the sentencing judge not merely to give notice of the revocation, but also to facilitate meaningful appellate review." *Id*.

[10] In *Medicus*, the Indiana Supreme Court held that the trial court's statement that "the defendant ha[d] violated his terms of probation" had failed to satisfy due process requirements and remanded the case to the trial court for a probation revocation statement consistent with due process requirements. *Id*. at 1165. However, the trial court's statement in *Medicus* is distinguishable from the trial court's statement in this case. Here, the trial court stated that it was revoking Moore's probation because he "ha[d] violated conditions of his probation by failing to pay child support." (Tr. 23). This statement clearly states the reason for the revocation. The trial court did not violate Moore's due process rights.

## 2.  Sufficiency of the Evidence

[11] Moore also argues that there is insufficient evidence to support the revocation of his probation. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the trial court's discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). When reviewing an appeal from the revocation of probation, we consider only

the evidence most favorable to the judgment and we will not reweigh the evidence or judge the credibility of the witnesses. *Sanders v. State,* 825 N.E.2d 952, 954-55 (Ind. Ct. App. 2005), *trans. denied.* A probation violation need be proven only by a preponderance of the evidence. *Pittman v. State*, 749 N.E.2d 557, 559 (Ind. Ct. App. 2001), *trans. denied*.

[12] "[I]f the condition violated involves a financial obligation, then the probationer must be shown to have recklessly, knowingly, or intentionally failed to pay." *Smith v. State*, 963 N.E.2d 1110, 1113 (Ind. 2012). It is the probationer's burden "to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." *Runyon v. State*, 939 N.E.2d 613, 616 (Ind. 2010).

[13] Here, Moore specifically argues that there is insufficient evidence to support the revocation of his probation because there is insufficient evidence that his failure to pay child support was reckless, knowing, or intentional. According to Moore, he did not pay child support because he was unable to work due to his broken arm and lack of an identification card.

[14] However, Moore's probation officer testified that there was no notation of Moore's injury in the probation department's system. The probation officer further testified that Moore had the documents necessary to obtain an identification card in mid-February but had failed to do so. This evidence, which supports the trial court's determination that Moore recklessly, knowingly, or intentionally failed to pay child support, is sufficient to support

the revocation of Moore's probation. Moore's argument is simply an invitation to reweigh the evidence, which we will not do. *See Sanders*, 825 N.E.2d at 954-55. There is sufficient evidence to support the revocation of Moore's probation.

[15] Affirmed.

Robb, J., dissents with opinion.

Mathias, concurs.

# IN THE
# COURT OF APPEALS OF INDIANA

Benjamin Moore,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

Court of Appeals Case No.
19A-CR-1253

## Robb, Judge, dissenting.

I respectfully dissent. First, although the trial court did determine that Moore had violated his probation by failing to pay child support, the trial court did not state the evidence upon which it relied in making that determination. To meet the minimum standards of due process, *Medicus* requires the trial court to state the reason for revocation *as well as* the evidence relied on. 664 N.E.2d at 1164 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Second, this evidentiary component is a particularly important requirement in this case, because to find a probationer violated a condition of probation containing a financial obligation, the State must prove that the probationer recklessly, knowingly, or intentionally failed to pay. Ind. Code § 35-38-2-3(g); *Mauch v. State*, 33 N.E.3d 387, 391 (Ind. Ct. App. 2015). The majority states that the evidence "supports

the trial court's determination that Moore recklessly, knowingly, or intentionally failed to pay child support[.]" Slip op. at ¶ 14. However, the trial court made no such finding and I believe it was obligated to do so.

[17] It does not seem to be disputed that Moore has not paid his child support. But in the absence of a trial court statement that is sufficient to facilitate meaningful review, we are not in a position to say whether or not the evidence supports a determination that Moore was able to pay and made insufficient bona fide efforts to do so. *See Medicus*, 664 N.E.2d at 1164. At the very least, I would remand for the trial court to enter a proper revocation statement supporting its decision.[1]

---

[1] The petition for probation revocation hearing noticed two other violations of probation: that Moore failed a drug screen and failed to apprise the probation department of a new address. The State offered no evidence at the revocation hearing with respect to the drug screen and although the timing is unclear, Moore testified that at some point after returning to Fayette County in January 2019, he was homeless. The majority opinion also references missed probation meetings, but that was not alleged in the petition as a reason for revocation.