

IN THE

# Court of Appeals of Indiana

Arthur Scott,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Apr 11 2025, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

April 11, 2025

Court of Appeals Case No.
24A-CR-1771

Appeal from the Madison Circuit Court

The Honorable David A. Happe, Judge

Trial Court Cause No.
48C04-1310-FB-1996

---

**Opinion by Judge Weissmann**
Judges Pyle and Felix concur.

**Weissmann, Judge.**

[1]   Arthur Scott appeals the revocation of his probation, arguing that the trial court denied him due process by failing to provide an adequate written statement explaining the revocation. Looking at the record as a whole, we find the trial court's statements satisfy the requirements of due process. We therefore affirm.

## Facts

[2]   In late 2022, Scott was placed on a 5-year term of probation after serving part of a 15-year sentence for three counts of dealing in cocaine. His probation required him to adhere to various conditions, including compliance with Indiana law. One year into his probationary term, the State filed a notice of probation violation, later supplemented by an amended notice, alleging the following violations under numbered paragraph 3:

    A.  Driving on a suspended license on January 4, 2024;

    B.  Driving on a suspended license and possessing a legend drug on January 11, 2024;

    C.  Failing to pay court costs;

    D.  Failing to pay probation fees; and

    E.  Committing six new criminal offenses in March 2024: possession of both methamphetamine and cocaine, dealing in both methamphetamine and cocaine, resisting law enforcement, and driving while suspended.

[3]   The trial court then conducted an evidentiary hearing on the alleged probation violation. At the outset, the State explained that it was not proceeding with the allegations of paragraph 3E. Then, to support the allegations of paragraph 3A,

the State called Officer Jerry Simmon, who testified that, on January 4, 2024, he responded to a reported car accident. At the scene, he spoke with Scott, who admitted to being involved. This prompted Officer Simmon to run Scott's information through the Bureau of Motor Vehicles database, which revealed Scott's license was suspended. The officer ticketed Scott for driving on a suspended license.

[4] As to the allegations of paragraph 3B, the State presented a probable cause affidavit describing a traffic stop on January 11, 2024, during which Scott was again driving on a suspended license. During this stop, a search of Scott's car revealed a prescription bottle. It was labeled as Metoprolol but contained a small plastic bag of green pills that looked different from the other pills in the bottle. Scott claimed the green pills were Amoxicillin, a legend drug for which Scott admitted he did not have a prescription.

[5] Based on these events, the affidavit alleged that Scott both unlawfully drove on a suspended license and possessed a legend drug. The affidavit also noted that Scott had a previous conviction for driving while suspended from July 2023, which elevated the alleged offense to driving while suspended with a prior suspension within 10 years. The State introduced court records of that July 2023 conviction at the evidentiary hearing.

[6] Scott briefly testified, alleging only that the probable cause affidavit from the January 11 traffic stop had inaccurately reported the color of his car and the positioning of the officer's vehicle before the stop was initiated.

[7] At the close of evidence, the trial court found that Scott violated his probation "as alleged under paragraph 3A and 3B of the amended notice of probation violation." App. Vol. II, p. 21. This referenced the two instances of driving while suspended and his possession of a legend drug. The court found no violations as alleged in paragraphs 3C, 3D, and 3E.

[8] In imposing the sanction for the probation violation, the trial court specifically noted that Scott's original conviction was for drug offenses and that he had committed a new drug offense. The court ultimately revoked three years of Scott's suspended sentence and ordered him to serve that time in the Indiana Department of Correction, followed by two years of probation. Scott appeals the revocation of his probation.

## Discussion and Decision

[9] On appeal, Scott claims he was denied due process because the trial court failed to provide an adequate written statement explaining the revocation of his probation. The State claims that Scott waived consideration of this issue because he failed to object to the alleged error in the trial court. Finding the State's argument unavailing, we address Scott's claim on the merits and affirm.

### I. No Waiver

[10] The State contends that Scott waived his due process claim by failing to raise it in the trial court. The State quotes *Terpstra v. State*, 138 N.E.3d 278 (Ind. Ct. App. 2019), for the proposition that "[d]ue process rights are subject to waiver,

and claims are generally waived if raised for the first time on appeal." *Id.* at 285-86. But the State's reliance on this language is misguided.

[11] In *Terpstra*, the defendant claimed, in relevant part, that the trial court violated his due process rights in two ways: (1) by erring on several evidentiary matters, and (2) by providing an inadequate written statement revoking his probation. Noting these claims were not raised in the trial court, this Court recited the general rule of waiver, as quoted by the State. But had the State read two sentences further, it would have discovered our conclusions that, "*apart from his claim pertaining to the trial court's judgment statement*, [the defendant] waived his due process claims." *Id.* at 286 (emphasis added). We then addressed the merits of the defendant's claim that the trial court failed to specify the evidence relied upon in its written statement of revocation—the same claim Scott raises here.

[12] A challenge to the trial court's written statement of revocation relates to the final sentence rather than procedural aspects of the revocation proceedings leading up to that sentence. Challenges to a sentence need not be preserved by prior objection. *See Bell v. State*, 59 N.E.3d 959, 962 (Ind. 2016) (noting that appellate courts review "claims of sentencing error . . . without insisting that the claim first be presented to the trial judge").

[13] Our Supreme Court recently reaffirmed this principle in a similar context, explaining that "[n]o objection was required to preserve a challenge to [the defendant's] fine, because a fine, like restitution, is part of the sentence." *Spells v. State*, 225 N.E.3d 767, 771 n.5 (Ind. 2024). And this Court has applied *Spells*

in the probation context, finding probation conditions are part of a sentence and concluding a defendant "did not waive appellate review . . . despite his failure to object" to them. *Delgado v. State*, 246 N.E.3d 1276, 1290 (Ind. Ct. App. 2024).

[14] As Scott's claim relates to the trial court's written statement on probation revocation—a part of his sentence—we conclude it is properly before us. We therefore reject the State's argument of waiver and proceed to address the merits of Scott's claim.

## II. No Denial of Due Process

[15] Scott contends that the trial court's written statement of revocation was insufficient and, thus, violated his due process rights. "Whether a party was denied due process is a question of law that we review *de novo*." *Hilligoss v. State*, 45 N.E.3d 1228, 1230 (Ind. Ct. App. 2015). After careful review of the record, we disagree with Scott's contention.

[16] Because probation revocation results in the loss of liberty, a probationer must be afforded certain due process rights before revocation. *Id.* One such right is the entitlement to a "written statement by the factfinders as to the evidence relied on and the reasons for revoking." *Medicus v. State*, 664 N.E.2d 1163, 1164 (Ind. 1996).

[17] Here, the trial court's written statement reads, in relevant part: "Court finds violation as alleged under paragraph 3A and 3B of the amended notice of probation violation. No finding of violation under 3C, 3D, and 3E." App. Vol.

II, p. 21. Scott claims that this statement does not meet due process requirements because it fails to explain the evidence relied upon by the court in making its findings. He acknowledges, however, that oral statements made during a revocation hearing can satisfy this written statement requirement, if the transcript of the hearing is placed in the record, as was done here. *See Hubbard v. State*, 683 N.E.2d 618, 621 (Ind. Ct. App. 1997).

[18] During Scott's revocation hearing, the trial court stated that it made its findings "based on the evidence presented to the court." Tr. p. 28. Though succinct, the court's statement is sufficient when read in the context of the full transcript, which contains a clear record of the limited evidence presented: the testimony of Officer Simmon, a probable cause affidavit, court records of Scott's prior driving while suspended conviction, and Scott's brief testimony. Thus, the transcript and the trial court's reference to the "evidence presented" sufficiently identifies the basis for the court's ruling. *Id.*; *see also Hubbard*, 683 N.E.2d at 621 (finding written statement requirement satisfied where transcript in record contained the evidence presented, even though the court never identified the specific pieces of evidence it relied upon).

[19] Scott also contends that the written statement is too "cursory," Appellant's Br., p. 8, likening it to the statement of revocation in *Medicus v. State*, 664 N.E.2d 1163 (Ind. 1996). In that case, the trial court made the following oral finding at the revocation hearing: "the Court's going to find that the defendant has violated his terms of probation. Any (inaudible) violation of the term of good and lawful behavior." *Id.* at 1164. Aside from this oral pronouncement, which

did not specify which of the several alleged violations the court found the defendant had committed, the record contained no written statement explaining the revocation. Our Supreme Court deemed this inadequate to satisfy the written statement requirement and "too cursory to be helpful." *Id.* at 1165. But here, the reasons for the revocation are much clearer.

[20] The trial court's written statement identifies the alleged violations it found Scott had committed: those in paragraphs 3A and 3B, which specifically describe the acts of driving on a suspended license and possessing a legend drug. The court's statement also notes that the court found Scott did not commit the allegations in paragraphs 3C, 3D, and 3E. Providing further context, the court stated during the sanction phase that Scott's underlying conviction was for drug offenses and that his new violation included another drug offense.

[21] Considering the trial court's written statement together with the transcript of the revocation hearing, which contained the court's oral statements and the straightforward evidence presented, the purposes of the written statement requirement are satisfied. The court gave Scott notice of the revocation, ensured accurate factfinding, and provided an adequate basis for appellate review. *See id.* at 1164. We are left without any question as to which violations Scott was found to have committed and the evidence relied upon by the court in making such finding. For these reasons, we find no denial of due process in the trial court's written statement of revocation.

Affirmed.

Pyle, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Alexandria Sons
Deputy Attorney General
Indianapolis, Indiana