

**FILED**

Jan 11 2017, 6:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony D. Hutson
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill
Attorney General of Indiana

Marjorie E. Newell
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dominique Castillo,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 11, 2017<br><br>Court of Appeals Case No.<br>31A01-1604-CR-742<br><br>Appeal from the Harrison Superior<br>Court.<br>The Honorable Joseph L. Claypool,<br>Judge.<br>Cause No. 31D01-1408-F5-472 |

**Sharpnack, Senior Judge**

## Statement of the Case

[1] The trial court revoked the probation of Dominique Castillo and ordered that he serve the whole of his suspended sentence. He appeals contending that the trial court violated his due process rights because it did not explain why it ordered him to serve his entire suspended sentence. He also claims that because the trial court did not explain its choice, it is possible that it may have

considered inappropriate testimony. He requests that we "reverse the trial court's order revoking his suspended sentence and remand for an additional hearing to address the appropriate sanction for his violation of probation after which the trial court should issue a statement of its reasons for its decision." Appellant's Reply Br. p. 7. We affirm.

## Issues

Castillo raises one issue, which we expand and restate as:

> I. Whether Castillo was denied due process because the trial court did not state specific reasons for ordering the execution of all of the sentence, two and one-half years, that was suspended at the time of his original sentencing; and

> II. Whether because the trial court did not state specific reasons for the sanction, the trial court may have considered some evidence it should not have.

## Facts and Procedural History

On May 27, 2015, Castillo pleaded guilty to sexual misconduct with a minor, a Level 5 felony,[1] for having sexual intercourse with a fourteen-year-old female victim. He was sentenced to four years in the Indiana Department of Correction (IDOC), with two and one-half years suspended to probation and one and one-half years served. As a condition of his probation, Castillo was

---

[1] Ind. Code § 35-42-4-9(a) (2014).

prohibited from having contact with persons under the age of eighteen, unless authorized by his probation officer, and from living within one mile of the victim.

[4] Castillo was released from the IDOC on October 22, 2015. The next day, he contacted the Harrison County Probation Department. He first met with the sex offender officer, and later with his probation officer. He told the officers that since his release he had been living with his mother, that his mother made him leave her house because he insisted on visiting his seventeen-year-old girlfriend, and that he currently was living with his girlfriend and her family. The girlfriend's brother, who was fourteen years old, also lived in the house, which was located within one mile of the home of Castillo's victim in his sexual misconduct case. The officers each reminded Castillo of the terms of his probation and told him to move out of the house immediately. Castillo contacted his probation officer the next morning and told her he was living at a new address.

[5] The following day, the officers drove to the new address to visit with Castillo. On the way, they passed the girlfriend's house and saw Castillo standing in the yard. Castillo then went inside the residence. The officers stopped at the residence and confronted Castillo, who admitted he had stayed overnight.

[6] Probation revocation proceedings commenced. At the revocation hearing, Castillo admitted to living at his girlfriend's house in violation of the terms of his probation. On March 9, 2016, the trial court issued its order finding that

Castillo had violated the terms of his probation and ordering him to serve his entire two and one-half years suspended sentence, saying:

> Well[,] the Court finds that Dominique through his own testimony has violated the conditions of probation so the State has proved their case well beyond a preponderance of the evidence and he also [sic] one of the terms of those conditions that he violated is to have no contact with persons under the age of eighteen unless authorized by a probation officer and he's supposed to tell a probation office when you do that before you do that, face to face and he admitted again to going into a person's home and living [sic] that home for [sic] a woman under – seventeen years of age and a younger brother at that time so therefore, the Court is revoking your probation. We're going to revoke his probation for the two and a half years that was on the shelf and I'm hearing the testimony of both sides in this matter. I think that he has blatantly violated the terms and conditions here and he is going to be revoked for the two and a half years.

Tr. pp. 54-55. Castillo now appeals.

## Discussion and Decision

[7] Castillo argues that his due process rights were violated because the trial court did not provide a statement of reasons why it ordered him to serve his previously suspended sentence instead of "other available alternatives." Appellant's Br. p. 9. Castillo also contends the trial court abused its discretion when it revoked his probation and ordered him to serve his previously suspended sentence because it may have considered inappropriate testimony.

[8] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind.

2007). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Prewitt*, 878 N.E.2d at 188; *see also,* Ind. Code § 35-38-2-3 (2015). If the court finds that the person has violated a condition at any time before termination of the probation period, and the petition to revoke is filed within the probationary period, the court may impose one or more sanctions, including ordering execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h) (2015). A trial court's decision for imposing sanctions for probation violations is reviewable using the abuse of discretion standard. *See Prewitt*, 878 N.E.2d at 188; *see also*, *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005) (trial court's sentencing decision in probation revocation proceeding is reviewed for abuse of discretion), *trans denied.* "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Prewitt*, 878 N.E.2d at 188.

## *I.*

[9] Castillo first argues that his due process rights were violated because the trial court failed to give a statement of reasons explaining why it ordered him to serve his previously suspended sentence.

[10] In support of his argument, Castillo relies on *Medicus v. State*, 664 N.E.2d 1163 (Ind. 1996), for the proposition that due process requires a statement of the trial court's reasons for ordering the execution of a suspended sentence. Castillo's reliance on *Medicus* is misplaced. *Medicus* addresses the due process

requirements for revocation of probation, not for ordering sanctions following revocation of probation.

[11] In *Medicus*, our Supreme Court set forth the procedural and substantive due process rights of probationers facing a revocation of probation, which include 1) written notice of the claimed violations; 2) disclosure of the evidence against the defendant; 3) the opportunity to be heard and to present witnesses and evidence; 4) a limited right to confront and cross-examine witnesses; 5) a neutral and detached factfinder; and 6) a written statement of the reasons for revocation. *Id.* at 1164 (citing *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S. Ct. 2593, 2604, 33 L. Ed. 2d 484 (1972), where the United States Supreme Court applied the Due Process Clause to parole revocation hearings and stated the minimum requirements of a *parole revocation hearing*, including the written statement requirement). Our Supreme Court in *Medicus* held that the trial court's statement that "the defendant has violated his terms of probation" failed to satisfy the written statement requirement set forth in *Morrissey*, and remanded the case to the trial court for a probation revocation statement consistent with the due process requirement. *Medicus*, 664 N.E.2d at 1164, 1165.

[12] *Medicus*, citing *Black v. Romano,* 471 U.S. 606, 105 S. Ct. 2254, 85 L. Ed. 2d 636 (1985), requires a written statement of reasons for probation revocation. *Medicus* does not directly address any requirement that specific reasons must be

given for the sanction that is imposed upon revocation.[2] Here, the trial court provided a sufficiently clear statement of its reasons for revoking Castillo's probation to satisfy the *Morrissey* due process statement requirement. *Black* agreed that a statement of reasons for revocation is required, but that no specific statement regarding consideration of alternative sanctions is required. *See Black*, 471 U.S. at 612 ("One point relevant to the present case is immediately evident from a review of the minimum procedures set forth in some detail in *Gagnon*[3] and *Morrissey*: the specified procedures do not include an express statement by the factfinder that alternatives to incarceration were considered and rejected.").

[13]     This court has held that a detailed sentencing statement following revocation of probation is not required when reinstating a portion of an already imposed sentence, and that a written statement indicating the trial court, following a probation revocation, considered alternatives to incarceration is not necessary. *See Berry v. State*, 904 N.E.2d 365, 366 (Ind. Ct. App. 2009); *Monday v. State*, 671 N.E.2d 467, 469 (Ind. Ct. App. 1996) (citing *Black*, 471 U.S. 606). We conclude there is no due process requirement for a specific statement of reasons for the sanction imposed following revocation of probation.

---

[2] Upon revocation of probation, the trial court may impose any one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; and (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h) (2015).

[3] *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973).

Regarding whether the trial court abused its discretion when it imposed the sanction, we find it did not. At the conclusion of Castillo's probation revocation hearing, the court reiterated that under the terms of his probation, Castillo was prohibited from having contact with persons under the age of eighteen, unless authorized by his probation officer. The court noted that Castillo testified that he was living with his seventeen-year-old girlfriend and her younger brother without authorization, and was in violation of the terms of his probation. The trial court indicated that it had heard testimony from both the State and Castillo, and that it found Castillo violated his probation because he admitted to doing so "through his own testimony." Tr. p. 54. The court also determined that Castillo's violation of his probation was blatant. Given Castillo's blatant disregard for the terms of his probation, the trial court was well within its discretion to sanction him by ordering him to serve his previously suspended sentence.

## II.

Castillo next argues the trial court may have abused its discretion in the revocation process. He suggests that because the trial court did not state specific reasons for the sanction, the trial court may have considered inappropriate testimony when it sentenced him to serve his previously suspended sentence. In support of his argument, Castillo asserts that sex offenses, of the type he committed, "evoke strong opinions and reactions and it is especially important to ensure that only proper factors are considered in sentencing." Appellant's Br. p. 10. Castillo points to his probation officer's

testimony that he was not "an appropriate candidate for probation," and evidence at trial of his "[going] against [his mother's] wishes" when he left her house to live with his girlfriend. Tr. pp. 28, 45. Castillo argues that consideration of the nature of his underlying offense, the officer's opinion, and the evidence regarding his mother's wishes might be akin to the error that occurred in *Puckett v. State*, 956 N.E.2d 1182 (Ind. Ct. App. 2011). In *Puckett*, we held that a special judge in the defendant's probation revocation hearing had "consider[ed] multiple improper factors" in choosing a sanction, such as: whether the original plea accepted by the original trial judge was too lenient, finding the defendant committed a more serious crime than the one of which he was convicted, and the special judge's personal beliefs. *See Puckett,* 956 N.E.2d at 1187-89.

[16] The facts of this case are distinguishable from *Puckett*. Here, there is no suggestion that the trial judge may have been trying to make up for an initial sentence he considered inadequate.

[17] Castillo's argument, by his own admission, is "pure speculation because" according to Castillo "there is [no statement] from which the trial court's rationale [in choosing a sanction] can be discerned." Appellant's Br. p. 11. However, we already have determined the trial court was not required to provide specific reasons for imposing the sanction. We are unpersuaded the trial court may have considered inappropriate testimony. No abuse of discretion occurred here.

# Conclusion

[18] For the reasons stated above, the judgment of the trial court is affirmed.

[19] Affirmed.

Riley, J., and Mathias, J., concur.