## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 19 2018, 8:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy Smith, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 19, 2018 <br><br> Court of Appeals Case No. <br> 48A05-1712-CR-2825 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Thomas Newman, Jr., Judge <br><br> Trial Court Cause No. <br> 48C03-1509-FC-1420 |

**Baker, Judge.**

[1] Timothy Smith appeals the trial court's order revoking his probation and ordering that he serve the balance of his previously-suspended sentence in the Department of Correction (DOC). Finding no error, we affirm.

[2] On December 14, 2015, Smith pleaded guilty to multiple counts of fraud and fraud on a financial institution, as well as corrupt business influence and theft. On December 28, 2015, the trial court sentenced Smith to an aggregate term of six years, fully suspended to probation.

[3] On September 19, 2016, the probation department filed a notice of probation violation, alleging that Smith had failed to timely report to probation, pay probation and administrative fees, and maintain employment. At the hearing on the notice, Smith admitted to the allegations. The trial court found that Smith had violated the conditions of his probation but nevertheless permitted Smith to return to probation, adding probation conditions requiring Smith to report weekly to probation and to gain employment within thirty days.

[4] On March 28, 2017, the probation department filed a second notice of probation violation, alleging that Smith had failed to timely report to probation, pay his probation fees, and gain employment. An amended notice of violation was filed on October 30, 2017, adding allegations that Smith had failed to keep probation informed of his address and secure a travel permit for out-of-state travel, and had committed a new criminal offense.

[5] The trial court held a hearing on the amended notice of violation on November 6, 2017. Smith's probation officer testified that in addition to failing to pay his

fees, obtain employment, or keep the probation department apprised of his address, Smith had traveled to Illinois without permission and was charged there with a new criminal offense. The probation officer testified that Smith had called her a couple of times, telling her that he was homeless and having difficulty finding employment because he did not have a birth certificate and had recently been shot. She stated that she would have helped him find housing, but he hung up the telephone and she was unable to help. She also testified that she had attempted to help him find employment even without a birth certificate by getting him an interview at a restaurant, but he failed to show up to the interview. Tr. Vol. II p. 24.

[6] Smith admitted that he traveled to Illinois without permission. He also admitted that he did not pay his probation fees, report regularly to probation, or find employment. He testified that his sister was no longer helping him financially, that he had no means of transportation, and that he could not find employment because he had no identification and his jaw had been wired shut. The trial court found that Smith violated the conditions of probation, revoked probation, and ordered that he serve the balance of the previously-suspended sentence. Smith now appeals.

[7] Smith's sole argument is that the trial court should not have ordered him to serve the entire balance of the previously-suspended sentence. With respect to the sanction imposed by the trial court, we note that probation is a matter of grace left to the trial court's discretion rather than a right to which a defendant is entitled. *E.g.*, *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial

court determines the terms and conditions of probation, and the trial court may revoke probation if the terms and conditions are violated. *E.g.*, *Castillo v. State*, 67 N.E.3d 661, 663-64 (Ind. Ct. App. 2017), *trans. denied*. A trial court may revoke a defendant's probation for violation of a single condition of his probation. *E.g.*, *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015).

[8] It is undisputed that Smith violated multiple conditions of probation; indeed, he admitted as much at the violation hearing. Smith insists that his violations were merely "technical" and, as such, the sanction imposed by the trial court is unwarranted. Appellant's Br. p. 8. Caselaw does not distinguish between "technical" and "substantive" violations of probation, nor would such a distinction be meaningful. For example, in this case, because Smith so frequently failed to report to probation, he had not submitted to a drug screen since July 2016—well over a year—meaning that probation had no way of knowing whether he was using illegal substances. Moreover, while Smith claims to have been dealing with challenging circumstances—claims that are supported by no evidence other than his own self-serving testimony—he gave his probation officer no opportunity to help him overcome the obstacles he was facing. Given that Smith admittedly violated multiple conditions of probation, the trial court did not err by revoking probation and ordering that he serve the balance of his sentence in the DOC.

[9] The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.