## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 21 2018, 6:30 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mark S. Lea, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 21, 2018

Court of Appeals Case No.
18A-CR-1128

Appeal from the Allen Superior
Court

The Honorable Samuel R. Keirns,
Magistrate

Trial Court Cause No.
02D06-1407-F4-5

**Baker, Judge.**

[1] Mark Lea, Jr., appeals the revocation of his probation. He argues that the evidence was insufficient to support the revocation and that the terms of his probation required that he be given another chance before revocation. Finding the evidence sufficient and no other error, we affirm.

## Facts

[2] On November 10, 2014, Lea pleaded guilty to Level 4 felony theft. Pursuant to the plea agreement, Lea was sentenced to six years, with four of those years suspended to probation.

[3] On August 25, 2015, Lea was assigned to the reentry court community transition program. The participation agreement for that program included requirements regarding paying fees, obeying all laws, and maintaining good behavior. On December 7, 2015, the trial court found that Lea had violated the terms of his placement in the program by, among other things, providing a diluted drug screen. The trial court ordered that Lea participate with substance abuse treatment. In February 2016, Lea was placed on a zero tolerance policy for attendance at the program.

[4] On March 7, 2016, the State filed a petition to revoke Lea's placement in the program. The State alleged that Lea had failed to maintain good behavior by committing three new offenses, including resisting law enforcement, operating a

motor vehicle without a license, and unsafe lane movement without a signal.[1] The State also alleged that Lea had failed to report for a urine drug screen on March 4, 2016, and had failed to pay fees as instructed. The petition recounted a total of eighteen previous violations of the program.

[5] On March 8, 2016, the trial court found that Lea had violated the terms and conditions of the reentry court program, terminated his participation in that program, and referred him to the probation department for further proceedings. On March 10, 2016, the State filed a petition to revoke probation, based on the new criminal charges and Lea's termination from the reentry court program. Later that same day, the State filed an amended revocation petition, adding that Lea had provided a positive drug screen on March 1, 2016, failed to report for a drug screen on March 4, 2016, and failed to pay required fees.

[6] On July 1, 2016, Lea admitted to the allegations contained in the revocation petition. On August 3, 2016, the trial court revoked a portion of Lea's suspended sentence, ordering him to serve two years with the Department of Correction with the remainder suspended to probation.

[7] On February 2, 2018, after Lea had again begun serving probation, the State filed a petition to revoke. The State alleged that Lea had provided a positive drug screen on January 2, 2018, and had failed to attend and complete required counseling. On February 7, 2018, the State filed an amended petition to

_____

[1] The State eventually brought separate criminal charges against Lea for these offenses.

revoke, adding an allegation that Lea had committed a new offense of carrying a handgun without a license.[2]

[8] At the hearing on the petition to revoke, Lea admitted that he had provided a positive drug screen. Additionally, a police officer testified regarding the circumstances surrounding the handgun allegations. The trial court found that Lea had violated the terms and conditions of probation by providing a positive drug screen and failing to maintain good behavior. The trial court revoked his probation and ordered that Lea serve the two-year balance of his previously-suspended sentence in the Department of Correction. Lea now appeals.

## Discussion and Decision

[9] Lea argues that the trial court erroneously revoked his probation because the evidence was insufficient and the terms of his probation agreement required that he be given another chance.

[10] It is well settled that probation is a matter of grace left to the trial court's discretion rather than a right to which a defendant is entitled. *E.g.*, *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the terms and conditions of probation, and the trial court may revoke probation if the terms and conditions are violated. *E.g.*, *Castillo v. State*, 67 N.E.3d 661, 663-64 (Ind. Ct. App. 2017), *trans. denied*. A trial court may revoke a defendant's

---

[2] It is unclear from the record whether the State filed a criminal charge based on these allegations.

probation for violation of a single condition of his probation. *E.g.*, *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015).

[11] Lea focuses much of his argument on the evidence related to the handgun allegations. We need not consider this issue, however, as Lea admitted that he tested positive for marijuana while on probation. Tr. p. 9-10. One of the conditions of Lea's probation was that he not use drugs. *Id.* at 8; Tr. Ex. 1. Because Lea violated this single condition of probation, the trial court was within its rights to revoke probation. Consequently, any alleged error regarding the handgun allegations was harmless.[3]

[12] Lea also contends that the State and Lea entered into an agreement providing that if Lea used controlled substances, additional conditions may be placed on him rather than revoking his probation. Specifically, he directs our attention to a document that he signed following the January 2, 2018, positive drug screen, which provided as follows:

> I understand that due to continued drug use, I *may* be subject to added conditions of Allen County Adult Probation and referred back to court.
>
> Failure to follow through the added conditions of probation[] will result in the case being returned to court for further disposition.

---

[3] Lea argues that the admission of evidence related to the handgun allegations was fundamental error. We disagree and maintain our conclusion that any error was harmless.

Tr. Ex. 2 (emphasis added). Initially, we note that the plain language of this provision does not establish that the *only* consequence for the positive drug screen would be added probation conditions. Instead, it provides that probation conditions *may* be added, and *if* those added conditions were violated, Lea could be referred back to the trial court. Nowhere does it say that the probation department was prohibited from seeking revocation or that the trial court was prohibited from entering an order to that effect.

[13] Moreover, Lea had provided an earlier diluted screen in December 2015. Following that screen, he was, in fact, subject to an additional probation condition—he was ordered to begin attending substance abuse treatment. Quickly thereafter, he provided a positive screen in March 2016. In other words, although Lea complains that he was not given a "second chance," appellant's br. p.10, he has, in fact, been given multiple chances, as well as additional treatment to help him refrain from use of illegal drugs. He has not taken advantage of these opportunities. Under these circumstances, we find that the trial court did not err by revoking probation based on Lea's most current positive drug screen.

[14] The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.