## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 04 2018, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

A. David Hutson
Hutson Legal
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brittany Erin Hoak, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 4, 2018 <br><br> Court of Appeals Case No. <br> 18A-CR-1094 <br><br> Appeal from the Clark Circuit Court <br><br> The Honorable Bradley B. Jacobs, Judge <br><br> Trial Court Cause Nos. <br> 10C02-1403-FA-26 <br> 10C02-1711-F5-300 |

**Baker, Judge.**

Brittany Hoak appeals the three-year sentence imposed by the trial court after she pleaded guilty to Level 5 Felony Possession of Methamphetamine,[1] arguing that the sentence was inappropriate in light of the nature of the offense and her character. She simultaneously appeals the trial court's revocation of her probation in a separate cause, arguing that revocation is unwarranted and that the imposition of a full suspended sentence is improper. Finding that the sentence is not inappropriate and no other error, we affirm.

# Facts

Hoak has experienced significant hardships throughout her life. She has endured sexual and emotional abuse, has lost custody of her only son to her estranged mother, and has been diagnosed with multiple psychological disorders. Guilty Plea Tr. Def. Ex. A p. 4-8. Additionally, Hoak currently suffers from Spinal Stenosis, a ruptured disk in her neck, and a herniated disk in her lower back. *Id*. Hoak is a drug addict who has been in and out of the Indiana criminal justice system on multiple drug-related charges for many years, though she has yet to receive court-ordered substance abuse treatment. *Id*. at 9.

---

[1] Ind. Code § 35-48-4-6.1(b)(2).

[3]    On March 31, 2014, Hoak was charged with Class A felony dealing in methamphetamine and Class B felony possession of methamphetamine in Cause Number 10C02-1403-FA-26 (Cause FA-26).

[4]    On August 25, 2014, she entered into a plea agreement with the State in Cause FA-26. Pursuant to the agreement, she would plead guilty to the Class B felony possession charge, the State would dismiss the Class A felony dealing in methamphetamine charge, and she would be sentenced to ten years in the Department of Correction with four years suspended to strict probation. The terms of Hoak's probation expressly state that she could not possess any controlled substances. Guilty Plea Tr. p. 10-12.

[5]    Hoak began her term of probation on May 12, 2017. On November 14, 2017, the Jeffersonville Police Department responded to a call and found Hoak at a motel. The police discovered methamphetamine on her person, which was a direct violation of her probation.

[6]    Shortly thereafter, the State charged Hoak with Level 6 felony possession of methamphetamine, Class C misdemeanor possession of paraphernalia, and Level 5 felony possession of methamphetamine in Cause Number 10C02-1711-F5-300 (Cause F5-300). On December 5, 2017, the State also filed a petition in Cause FA-26 to revoke Hoak's probation based on these new charges.

[7]    On January 18, 2018, Hoak entered into a guilty plea agreement in Cause F5-300, pursuant to which she pleaded guilty to the Level 5 felony possession of methamphetamine charge in exchange for the dismissal of the other charges.

She also admitted to violating probation in Cause FA-26 because she had possessed a controlled substance. The plea agreement left the matter of sentencing up to the trial court's discretion.

[8] On April 9, 2018, the trial court sentenced Hoak in Cause F5-300 to three years of fixed imprisonment with the Department of Correction on the Level 5 felony possession of methamphetamine charge. It also revoked her probation in Cause FA-26 and imposed her remaining suspended sentence of 294 days. Sentencing Tr. p. 36-37. The trial court considered the aggravating factor of Hoak's extensive prior criminal history and the mitigating factor of her abuse and trauma in arriving at its decision. *Id*. Hoak now appeals.[2]

# Discussion and Decision

[9] Hoak presents two arguments on appeal: (1) the three-year sentence in Cause F5-300 is inappropriate in light of the nature of the offense and her character; and (2) the trial court improperly imposed her 294-day suspended sentence when it revoked her probation in Cause FA-26.

---

[2] These two separate cases now come before this Court in this consolidated appeal.

# I. Appropriateness

[10] We first address Hoak's argument that the trial court inappropriately sentenced her to three years of fixed imprisonment in Cause F5-300. Specifically, Hoak argues that we should revise her sentence to a three-year, fully suspended sentence so long as she participates in the rehabilitative Recovery Works Program or a similar drug treatment program. She believes that further incarceration will only exacerbate her drug habits since she has yet to receive any substance abuse treatment.

[11] Indiana Appellate Rule 7(B) states that a "Court may revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Additionally, the defendant bears the burden of persuading us that her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[12] The maximum sentence possible for committing a Level 5 felony conviction is six years and the minimum sentence is one year. Indiana Code § 35-50-2-6(b). The advisory sentence, which the trial court imposed in this case, is three years. *Id*.

[13] First, as to the nature of the offense, Hoak pleaded guilty to possession of methamphetamine while on probation for pleading guilty to possession of methamphetamine. Hoak not only violated the express terms of probation, but

she also pleaded guilty to a crime she had already committed in the past. Moreover, Hoak is a repeat offender who has a long criminal history involving the possession and distribution of controlled substances. Guilty Plea Tr. Def. Ex. A. p. 9-10. Specifically, she has multiple prior convictions for possession of methamphetamine. *Id.* We do not find that the nature of the offense renders the sentence inappropriate.

[14] Second, as to the character of the offender, Hoak correctly states that she has yet to receive any court-ordered substance abuse treatment. Additionally, Hoak has endured significant obstacles throughout most of her life. We are not unaware of the grievous path on which Hoak has trekked up until this point. We recognize the hardships that come from addiction, sexual abuse, physical and emotional trauma, and all other difficulties Hoak has experienced in her life.

[15] However, we do not find that the original three-year sentence was inappropriate under Indiana Appellate Rule 7(B). Hoak's possession of methamphetamine conviction was egregious because she simultaneously violated the terms of probation and committed an offense of which she had previously been convicted in the past. In balancing that determination with the nature of Hoak's character as a person in need of true substance abuse treatment, we cannot say that the trial court's decision to impose the advisory three-year sentence was inappropriate. In sum, we will not revise Hoak's sentence pursuant to Indiana Appellate Rule 7(B).

[16] We also take this moment to point out that despite myriad drug-related contacts with the criminal justice system over many years, Hoak was never ordered to complete a substance abuse treatment program. We encourage trial courts to consider assisting individuals struggling with substance abuse with rehabilitative measures.

# II. Probation Revocation

[17] We next address Hoak's argument that the trial court improperly imposed her 294-day suspended sentence when it revoked her probation in Cause FA-26. Specifically, Hoak argues that (1) the State failed to prove that she violated a term of her probation; and (2) the State's imposition of the full balance of her previously suspended sentence as sanction for violating probation was inappropriate.

[18] We will overturn a trial court's decision to revoke probation and a trial court's sentencing decision in a probation revocation proceeding only if the decisions are against the logic and effect of the facts and circumstances before it. *Marsh v. State*, 818 N.E.2d 143, 144 (Ind. Ct. App. 2004).

[19] First, Hoak argues that the State failed to prove that she violated her probation. An Indiana court must follow a two-step process to revoke someone's probation: (1) the court must make a factual determination that a violation of a condition of probation actually occurred; and (2) if a violation occurred, then the trial court must determine if the violation warrants revocation of the

probation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Thereafter, if a proper violation is found and revocation is appropriate, the court may properly order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h)(3).

[20] It is clear from the record that Hoak violated a condition of her probation, namely, a prohibition on possessing controlled substances. Indeed, in her guilty plea agreement in Cause F5-300, she admitted that she possessed methamphetamine on November 14, 2017. Hoak does not contest this fact. Rather, Hoak argues that the State did not prove beyond a reasonable doubt that she actually violated the terms of her probation because at the guilty plea hearing, the State did not present any witnesses or exhibits.

[21] It is well established that a probation revocation proceeding is not criminal but rather civil in nature, *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009), and consequently, there is no requirement to prove essential elements beyond a reasonable doubt. Instead, the State must prove the violation by a preponderance of the evidence. I.C. § 35-38-2-3(f). Here, Hoak's admission that she possessed methamphetamine while on probation is sufficient evidence to support the trial court's finding that she violated a condition of her probation.

[22] Second, Hoak argues that imposing the full balance of her previously suspended sentence as a sanction for violating probation is inappropriate. Her argument is not persuasive. Indiana Code section 35-38-2-3(h)(3) plainly states that a court may reimpose all or part of a sentence that was suspended at the time of initial

sentencing. Furthermore, we have held on numerous occasions that an imposition of the full balance of a previously suspended sentence as a sanction for violating probation is not improper. *See, e.g., Castillo v. State*, 67 N.E.3d 661, 665 (Ind. Ct. App. 2017) (holding that trial court did not err when it ordered defendant to serve two and one-half years of his previously suspended sentence as a sanction for violating probation); *see also* I.C. § 35-38-2-3(h)(3) (providing that trial court may order execution of all or part of previously suspended sentence after revoking probation).

[23] It appears that Hoak would like to have it both ways. She plainly admits to violating the terms of her probation so that she can receive a lighter sentence for pleading guilty in Cause F5-300, but she simultaneously does not want such evidence to be used to determine her sanction for violating the very same terms of her probation in Cause FA-26. In short, Hoak's arguments are unavailing.

[24] The judgments of the trial courts are affirmed.

May, J., and Robb, J., concur.