# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 10 2018, 11:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

A. David Hutson
Hutson Legal
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Terrell Roberts,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 10, 2018

Court of Appeals Case No.
18A-CR-1249

Appeal from the Clark Circuit Court

The Honorable Bradley B. Jacobs, Judge

Trial Court Cause No.
10C02-1208-FA-63

**Pyle, Judge.**

# Statement of the Case

[1] Terrell Roberts ("Roberts") appeals the revocation of his probation, arguing that the trial court abused its discretion by ordering him to serve his previously suspended sentence. Finding no error, we affirm the trial court's judgment.

[2] We affirm.

# Issue

Whether the trial court abused its discretion by ordering Roberts to serve his previously suspended sentence.

# Facts

[3] In August 2012, the State charged Roberts with Class A felony dealing in a narcotic drug (heroin weighing three grams or more), Class C felony possession of a narcotic drug, and Class D felony maintaining a common nuisance. In June 2017, Roberts entered into a plea agreement and pled guilty to the lesser offense of Class D felony possession of a narcotic drug in exchange for the State's dismissal of the remaining charges.[1] The parties also agreed that Roberts would receive a sentence of 1,095 days, with 180 days executed in the Indiana Department of Correction and 915 days suspended to probation.[2] The trial

---

[1] The chronological case summary indicates that the delay between the filing of the initial charges and Roberts' guilty plea was due, in part, to Roberts being incarcerated in Kentucky in 2013, the withdrawal of his appointed counsel in 2015, his failure to appear for a pretrial conference in 2016 that resulted in the issuance of an arrest warrant, and various continuances.

[2] In other words, the parties agreed that Roberts would serve a sentence of three (3) years, with six (6) months executed and two and one-half (2½) years suspended to probation.

court accepted Roberts' guilty plea and imposed the sentence set out in the plea agreement.[3]

[4] On February 8, 2018, the State filed a notice of probation violation, alleging that Roberts had violated his probation by failing to report for scheduled probation appointments as directed on December 12, 2017 and January 28, 2018. The State also noted that Roberts "ha[d] absconded from probation supervision[.]" (App. Vol. 2 at 75) (changed from all uppercase letters). The State attached to the revocation petition a copy of the violation report from Roberts' supervising probation officer in Kentucky. The report indicated that Roberts was unemployed and that the probation officer was unable to locate Roberts, leading the probation officer to believe that Roberts was "knowingly, willingly[,] and consciously concealing [his] whereabouts and absconding supervision." (App. Vol. 2 at 78).

[5] Shortly thereafter, on March 13, 2018, the State filed an amended notice of probation violation, adding an additional probation revocation allegation. Specifically, the State alleged that Roberts had committed the following crimes in February 2018 while on probation: (1) Level 6 felony unlawful possession or use of a legend drug; (2) Class A misdemeanor possession of a controlled substance; and (3) Class A misdemeanor resisting law enforcement. The State attached to the amended revocation petition a copy of the charging information

---

[3] Roberts lived in Kentucky, and, pursuant to an interstate compact, his probation was supervised by a probation department in Jefferson County, Kentucky.

for the three pending charges and the habitual offender allegation filed against him in the new criminal cause.

[6] The trial court held a probation revocation hearing in April 2018. At the beginning of the hearing, Roberts's counsel stated that they were there for an "open admission[.]" (Tr. 18). Roberts stated that he knew he had an obligation to report to his probation officer and admitted that he had not reported to probation as alleged in the petition to revoke. He stated that his failure to report was due to "a miscommunication on [his] behalf" and a "conflicting" work schedule. (Tr. 19).

[7] When the State mentioned Roberts's pending criminal charges, Roberts' counsel stated that he did not believe that those pending charges were part of the revocation petition. The State confirmed that the charges were included in the amended revocation petition. The trial court then asked the State if it was "ok with proceeding on the . . . admission as it was[,]" and the prosecutor stated that he "just wanted the Court to be aware that there's a pending case." (Tr. 20).

[8] The trial court then proceeded to the parties' recommended sanction based on Roberts's admission that he had violated probation. The prosecutor recommended that the trial court order Roberts to serve his previously suspended 915-day sentence, and the probation officer agreed. Roberts' counsel asked the trial court to just terminate Roberts' probation "as unsuccessful" and

allow Roberts to "deal with the new issues." (Tr. 21). The trial court rejected Roberts' recommendation, stating:

> I've gotta . . . lean toward the State on this one. And . . . there's no reason for me to deviate from what I generally do, unless there's something egregious with the [probation officer's] recommendation. It looks like he hadn't been on probation very long before he immediately violated, well, 6 months.

(Tr. 21-22). Based on Roberts' admission that he had violated probation, the trial court revoked Roberts' probation and ordered him to serve his previously suspended sentence. The trial court also gave Roberts credit for time served and ordered him to serve purposeful incarceration. Roberts now appeals.

## Decision

[9] Roberts does not challenge the trial court's determination that he violated probation. Instead, he argues that the trial court abused its discretion by ordering him to serve the entirety of his previously suspended sentence based on one probation violation. Roberts also contends that the trial court's order for him to serve his previously suspended sentence violated the Proportionality Clause in Article I, § 16 of the Indiana Constitution, which provides, in relevant part, that: "All penalties shall be proportioned to the nature of the offense."[4] He acknowledges that our appellate courts have not applied this state constitutional provision to probation revocation; nevertheless, he contends that

---

[4] Roberts contends that his probation violation was an "offense" and that the sanction to serve his previously suspended sentence was a "penalty."

a trial court's discretion to select a sanction for a defendant's probation violation should be limited by Article I, § 16 of the Indiana Constitution. We disagree.

[10] Our supreme court has held that "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*) (rejecting a defendant's argument that his probation violation sanction should be reviewed under the inappropriate standard in Indiana Appellate Rule 7(B)). Probation serves as an "alternative[] to commitment to the Department of Correction[,]" and is "made at the sole discretion of the trial court." *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999), *reh'g denied*. "Because probation is a matter of grace and a conditional liberty that is a favor, not a right, . . probationers do not receive the same constitutional rights that defendants receive at trial[.]" *State v. I.T.*, 4 N.E.3d 1139, 1146 (Ind. 2014) (internal quotation marks and citations omitted). *See also Castillo v. State*, 67 N.E.3d 661, 665, 666 (Ind. Ct. App. 2017) (explaining that a defendant has due process rights in regard to the revocation of probation, not for the ordering of sanctions following revocation of probation), *trans. denied*.

[11] A trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Prewitt*, 878 N.E.2d at 188; *see also* IND. CODE § 35-38-2-3(a). Indeed, violation of a single condition of probation is sufficient to revoke probation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007).

Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." IND. CODE § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders*, 825 N.E.2d at 956). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[12] Roberts contends that the trial court abused its discretion by ordering him to serve his previously suspended sentence because the trial court did not sufficiently set forth its reasons for imposing the sanction it chose. We reject this argument. We have explained that a trial court is "not required to provide specific reasons for imposing the [probation revocation] sanction." *Castillo*, 67 N.E.3d at 665, 666. The record reveals that the trial court had a sufficient basis for its decision to order Roberts to serve his previously suspended sentence. Here, Roberts was initially charged with Class A felony dealing in narcotic drug (heroin weighing three grams or more), Class C felony possession of a narcotic drug, and Class D felony maintaining a common nuisance. The trial court showed Roberts leniency when it accepted his guilty plea to the lesser offense of

Class D felony possession of a narcotic drug and imposed a sentence, in accordance with his plea agreement, that allowed him to serve the clear majority of his three-year sentence on probation. Roberts, however, squandered this opportunity when he failed to comply with the requirements of probation within the first six months of his two and one-half years of probation. Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Roberts to serve his previously suspended sentence. For the foregoing reasons, we affirm the trial court's revocation of Roberts' probation.

[13] Affirmed.

Najam, J., and Crone, J., concur.