## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 08 2018, 8:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nicolas Rasheed Taylor,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 8, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1318<br><br>Appeal from the<br>Grant Superior Court<br><br>The Honorable<br>Jeffrey D. Todd, Judge<br><br>Trial Court Cause Nos.<br>27D01-1712-F6-617<br>27D01-1501-F4-1<br>27D01-1502-F4-9 |

**Kirsch, Judge.**

[1]     Nicolas R. Taylor ("Taylor") appeals his sentences for both the revocation of his probation and new offenses, raising two restated issues:

> I. Whether the trial court abused its discretion in ordering Taylor to serve the entirety of the previously suspended sentences; and

> II. Whether Taylor's sentences for the probation revocation and the new offenses are inappropriate under Indiana Appellate Rule 7(B).

We affirm.

## Facts and Procedural History

[2]     On October 26, 2015, Taylor pleaded guilty under Cause Number 27D01-1501-F4-1 ("Cause F4-1) to Level 4 felony unlawful possession of a firearm by a serious violent felon; Level 6 felony criminal recklessness with a deadly weapon; and Level 6 felony conspiracy to commit criminal recklessness with a deadly weapon. *Appellant's App. Vol. II* at 15. That same day, he pleaded guilty to Level 4 felony unlawful possession of a firearm by a serious violent felon and Level 5 felony attempted battery with a deadly weapon under Cause Number 27D01-1502-F4-9 ("Cause F4-9). *Id.* Under Cause F4-1, the trial court sentenced Taylor to two years, with one year executed and one year suspended to probation, and under Cause F4-9, it sentenced Taylor to six years on each count, with three years executed and three years suspended to probation. *Id.* at 16. The sentences within each case were to be served concurrently to one

another, but consecutive to the sentences imposed in the other case, for an aggregate executed term of four-and-one-half years. *Tr. Vol II* at 34

[3]     On December 1, 2017, under Cause Number 27D01-1712-F6-617 ("Cause F6-number 617"), Taylor was charged with, *inter alia*, Level 6 felony resisting law enforcement, Class A misdemeanor resisting law enforcement, and Class A misdemeanor driving while suspended. *Id.* at 2. On February 27, 2018, the State filed petitions to revoke Taylor's probation under Cause F4-1 and Cause F4-9. *Id.* at 22-25. On April 30, 2018, Taylor pleaded guilty, without a plea agreement, to Level 6 felony resisting law enforcement, and to Class A misdemeanor driving while suspended under Cause F6-617. Taylor also pleaded guilty to having violated the terms of his probation. *Tr. Vol. II* at 14;[1] *Appellant's App. Vol. II* at 3, 26-29.

[4]     Sentencing was held on May 3, 2018. At the sentencing hearing, the State presented as aggravating factors Taylor's two previous convictions for unlawful possession of a firearm by a serious violent felon, a robbery conviction, and other offenses. *Tr. Vol. II* at 30. When he addressed the trial court, Taylor acknowledged his drug addiction and his continued use of drugs while incarcerated, but asked for leniency because he has three children, with a fourth child soon on the way, and that by pleading guilty, he was taking responsibility for his actions. *Id.* at 31-32. In explaining its sentencing decision, the trial court

---

[1] Although Taylor does not style the substantive transcript as "Transcript Volume II," we will refer to it as such since Taylor submitted a separate volume for the table of contents for the transcript.

noted Taylor's substantial criminal history and observed that "every past effort at rehabilitation has been unsuccessful so I- I don't think you're a good candidate for probation." *Id.* at 33-34. For the new offenses under Cause F6-617, the trial court imposed less than the advisory sentences,[2] sentencing Taylor to two concurrent six-month terms and ordered the previously suspended terms imposed in Cause F4-1 and Cause F4-9 to be served consecutive to one another and to the six-month terms ordered under Cause F6-617. *Appellant's App. Vol. II* at 27. Thus, Taylor's aggregate sentence was four-and-one-half years. *Tr. Vol II* at 34. The trial court found as a mitigating factor that Taylor pleaded guilty without a plea agreement. *Id.* at 33. In explaining why it did not impose the maximum sentences for Taylor's new convictions, the trial court cited Taylor's honesty and willingness to take responsibility for his actions. *Tr. Vol. II* at 34. Taylor now appeals.

## Discussion and Decision

[5] A trial court's sentencing decision for probation violations is reviewed for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id*. If the trial court finds that a defendant has violated a condition at any time before termination of the period, it may order execution of all or part of the sentence that was suspended at the time of initial

---

[2] The advisory sentence for a Level 6 felony is one year, *see* Ind. Code § 35-50-2-7(b), and the advisory sentence for a Class A misdemeanor is up to one year, *see* Ind. Code § 35-50-3-2.

sentencing. Ind. Code § 35-38-2-3(g); *Prewitt*, 878 N.E.2d at 186. Sentences for probation violations cannot be reviewed under Indiana Appellate Rule 7(B). *Prewitt*, 878 N.E.2d at 188.

[6] Appellate Rule 7(B) is available for sentences on direct review, such as Taylor's sentences under Cause F6-617. The purpose of appellate review is to leaven the outliers, not to achieve a perceived correct result. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Thus, we review an inappropriate-sentence claim with substantial deference to the trial court. *Messel v. State*, 80 N.E.3d 230, 233 (Ind. Ct. App. 2017), *trans. denied*.

[7] Taylor argues that the trial court abused its discretion by sentencing him to the entirety of the previously suspended sentences in the probation cases. He contends that since the trial court imposed concurrent, less-than-advisory sentences in Cause F6-617, it should have not have ordered him to serve the entirety of the suspended sentences in the revocation cases. He offers no authority for this argument.

[8] Taylor also asks this court to review his aggregate sentence under Appellate Rule 7(B). *Appellant's Br.* at 8-9. He recognizes that this kind of review is not available for sentences arising from a revocation of probation. *Id.* However, he claims that Article 7, Section 6 of the Indiana Constitution requires such review under what he considers the unusual circumstances of his case, where the trial court imposed a lenient sentence for his new offenses yet imposed the most

severe possible sentences for the revocation of his probation. Again, Taylor offers no authority for this proposition.

[9] The trial court did not abuse its discretion in ordering Taylor to serve the previously suspended terms for his convictions under Cause F4-1 and Cause F4-9. The trial court noted Taylor's substantial criminal history. *Tr. Vol. II* at 33. It was well within its discretion to order him to serve the previously suspended sentences. If a trial court finds that a person has violated a term of probation, it may "order execution *of all* or part of the sentence that was suspended at the time of initial sentencing." I.C. § 35-38-2-3(h)(3) (emphasis added); *see also Castillo v. State*, 67 N.E.3d 661, 665 (Ind. Ct. App. 2017), *trans. denied*.

[10] Although he argues that this court should review his aggregate sentence under Appellate Rule 7(B), Taylor acknowledges that the Indiana Supreme Court has held that such review is not available for sentences resulting from the revocation of probation. *Appellant's Br.* at 8-9. Appellate Rule 7(B) "is not the correct standard to apply when reviewing a sentence imposed for a probation violation." *Prewitt*, 878 N.E.2d at 188.

[11] While an argument may be made under Appellate Rule 7(B) for his new convictions, Taylor does not use the proper analysis. After acknowledging that this analysis requires consideration of the nature of the offense and the character of the offender, his brief is silent as to how the nature of his offenses and his character justify a reduced sentence. A "litigant who fails to support his

arguments with appropriate citations to legal authority and record evidence waives those arguments for our review." *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015). Taylor has waived the issue for lack of cogent reasoning and citations to relevant authority. *See* Ind. Appellate Rule 46(A)(8)(a).

[12] Affirmed.

Vaidik, C.J., and Riley, J., concur.