## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 15 2019, 8:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kristie Abner,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 15, 2019

Court of Appeals Case No.
18A-CR-200

Appeal from the Ripley Superior Court

The Honorable Carl H. Taul, Special Judge

Trial Court Cause No.
69D01-1609-F6-228

**Barnes, Senior Judge.**

# Statement of the Case

Kristie Abner appeals the sentence the trial court imposed after she admitted to violating the terms of her placement on home detention. We affirm.

# Issue

Abner raises one issue, which we restate as: whether the trial court abused its discretion in ordering her to serve her previously-suspended sentence.

# Facts and Procedural History

On September 20, 2017, Abner pleaded guilty to unlawful sale of a precursor, a Level 6 felony. The trial court accepted the plea agreement and sentenced Abner to serve 910 days, with credit for ten days served and the remainder of her sentence suspended to probation.

On November 13, 2017, the State filed a petition for a probation violation hearing, alleging Abner violated a condition of probation by failing to appear for two previously-scheduled meetings with probation department staff. On December 12, 2017, the trial court held a fact-finding hearing. During the hearing, Abner admitted to violating a condition of probation as alleged by the State. The court revoked 545 days of her previously-suspended sentence, with credit for fourteen days served. The court further determined that Abner would serve the remaining 531 days on home detention.

Later, on December 12, 2017, Abner met with a probation officer for a home detention intake meeting. She was asked to identify her intended dwelling, and

she provided her father's address in Moores Hill, Indiana, along with his telephone number. The probation officer instructed Abner to go to that address and remain there until her next probation appointment on December 18, 2017.

[6] On the evening of December 12, 2017, probation officers received repeated automatic alerts that Abner had left her designated address. They called Abner's father, who stated he believed that Abner was staying with a friend.

[7] The officers eventually contacted Abner very early the next morning in Rising Sun, Indiana, after receiving fifty-two automatic alerts. Abner later claimed she had left a voicemail with the probation office explaining that her father had not been home that evening, and that she had to go stay with a friend, but the probation officers never received such a voicemail. Further, Abner never contacted the police for assistance, and she did not return to jail.

[8] On December 13, 2017, the State filed a "request for home detention violation and motion to convert hearing," claiming Abner violated a condition of her placement by failing to remain in her home. Appellant's App. Vol. 2, p. 37. The State separately filed a new case against Abner, alleging she committed the offense of failing to be in a location not previously approved by community corrections, a Level 6 felony.

[9] On December 20, 2017, the trial court held a fact-finding hearing. Abner, who had waived the assistance of counsel, admitted she violated the terms of her home detention placement. The State asked the court to order Abner to serve the remainder of her suspended sentence in jail, but Abner asked to remain on

home detention. The court ordered Abner to serve the remainder of her previously revoked sentence, a term of 531 days, in jail. This appeal followed.

## Discussion and Decision

Abner claims the trial court should not have ordered her to serve an executed sentence, characterizing her violation as "technical" in nature. Appellant's Br. p. 10. The State argues Abner's claim is moot because she has already "likely" served her sentence. Appellee's Br. p. 10. Although the State's calculations may be correct, we decline to determine Abner's claim is moot in the absence of either a concession by Abner that she has finished serving her sentence or other evidence in the record demonstrating that she has been released from incarceration. *Cf. Smith v. State*, 971 N.E.2d 86, 89 (Ind. 2012) (determining appellant's credit time claim was moot because he conceded that he had served his sentence).

A reviewing court treats a petition to revoke placement in a community corrections program, including home detention, the same as a petition to revoke probation. *McCauley v. State*, 22 N.E.3d 743, 746 (Ind. Ct. App. 2014), *trans. denied*. Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). A defendant serving a term of probation specifically agrees to accept conditions upon his or her behavior instead of imprisonment. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). The conditions are designed

to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community. *Id.*

[12] When a trial court determines a person has violated a condition of probation, the court may: (1) continue the person on probation; (2) extend the probationary period; and/or (3) order execution of all or part of the previously-suspended sentence. Ind. Code § 35-38-2-3(h) (2015). We review a court's choice of sanctions for an abuse of discretion. *Castillo v. State*, 67 N.E.3d 661, 664 (Ind. Ct. App. 2017), *trans. denied*. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt*, 878 N.E.2d at 188.

[13] Here, the trial court ordered Abner to serve her sentence on home detention after she violated the terms of probation by failing to attend previously-scheduled meetings with her probation officer. After the court placed Abner on home detention, she immediately violated the terms of her placement by failing to remain at the address she had given to her probation officer. Abner claimed that she intended to stay at her father's home but was unaware that he was out of town on the day of her release, and she was forced to stay elsewhere. Upon discovering his absence, she did not contact the probation office or the police, and she did not return to jail. Instead, she traveled to another town. In addition, probation officers had great difficulty contacting her because the only telephone number she had provided was her father's.

Abner's violation of the conditions of home detention was more than merely technical. Alternatives to incarceration allow probationers to remain in their communities if they agree to submit to close supervision of their movements, among other restrictions. Abner's failure to return to jail or otherwise notify probation officers of her location fundamentally undermined that arrangement. Jenny Wise, the Assistant Director of Ripley County's Office of Court Services, testified that she was concerned Abner was "just not going to abide by home detention rules." Tr. p. 5.

Abner cites four cases, noting that in each case the Court of Appeals reversed the trial court's sanction for probation or community corrections violations. We have reviewed those cases and conclude they are not persuasive because they are factually dissimilar from Abner's case. *See Johnson v. State*, 62 N.E.3d 1224, 1231 (Ind. Ct. App. 2016) (Johnson's failures to remain at authorized locations were minor in scope; Johnson had limited mental functioning); *Sullivan v. State*, 56 N.E.3d 1157, 1162 (Ind. Ct. App. 2016) (trial court erroneously believed it was required under terms of plea agreement to revoke placement); *Ripps v. State*, 968 N.E.2d 323, 328 (Ind. Ct. App. 2012) (Ripps attempted in good faith to comply with conditions of probation and had a terminal medical condition); and *Puckett v. State*, 956 N.E.2d 1182, 1188 (Ind. Ct. App. 2011) (trial court's sentence in probation revocation proceeding based on improper factors including trial court's opinion on sex offender registry). The trial court acted well within its discretion in ordering Abner to serve her

previously suspended sentence in jail. *See Jones*, 838 N.E.2d at 1149 (no abuse of discretion in lengthy sentence imposed for second probation violation).

## Conclusion

[16] For the reasons stated above, we affirm the judgment of the trial court.

[17] Affirmed.

[18] Bailey, J., and Altice, J., concur.